UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLARENCE HEBERT, III, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-8141** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | **SECTION "N" (3)** |

## REPORT AND RECOMMENDATION

Before the Court is defendant's **Motion to Enforce Settlement Agreement [Doc. #11]**.[1] Plaintiffs have not filed a memorandum in opposition as required by the Local Rules of this Court. Accordingly, defendant's **Motion to Enforce Settlement Agreement [Doc. #11]** is deemed unopposed.

This is a Hurricane Katrina insurance suit. On May 27, 2008, the District Court closed this action because the parties had informed it that they had agreed to a compromise. [Doc. #10]. Plaintiffs accepted defendant's offer of compromise on March 10, 2008. On March 31, 2008, defendant sent a letter to plaintiffs with instructions to complete the attached documents and send them to the Road Home Program ("Road Home") for approval. Plaintiffs failed to do so.

In March 2009, plaintiffs informed defendant that they had lost the forms. Defendant then

---

[1] On January 27, 2010, the District Court referred the motion to the undersigned. [Doc. #13].

sent plaintiffs a second copy of the Road Home forms. To date, neither defendant nor Road Home has received the forms. This matter has been on the Court's docket for almost two years after agreement of a compromise. Accordingly,

**IT IS RECOMMENDED** that defendant's **Motion to Enforce Settlement Agreement [Doc. #11]** be GRANTED AS UNOPPOSED. Plaintiffs shall complete the Road Home forms and submit them to Road Home for approval. Plaintiffs shall comply with the settlement to which they agreed on March 10, 2008.

**IT IS FURTHER ORDERED** that the oral hearing on the motion scheduled on March 10, 2010 is hereby CANCELLED.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana this 4th day of March, 2010.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**