UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLARENCE HEBERT, III, ET AL. | CIVIL ACTION |
| VERSUS | NO. 07-8141 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION "N" (3) |

# ORDER AND REASONS

Before the Court is the Motion for Contempt and Sanctions (Rec. Doc. 17). This motion was originally set for hearing on June 30, 2010; however, the Court received no opposition. In the motion, Defendant State Farm Fire and Casualty Company ("State Farm") requests that this Court issue an Order for Contempt and Sanctions against *pro se* Plaintiffs Clarence Hebert, III and Kathy Hebert for failure to comply with this Court's April 6, 2010 Order (Rec. Doc. 16) granting Defendant's Motion to Enforce the settlement reached on March 10, 2008. State Farm requests that this case be dismissed with prejudice.

Plaintiffs initially filed suit against State Farm on August 28, 2007, claiming that it failed to fully compensate them for damages sustained to their property during Hurricane Katrina. (Rec. Doc. 1-1). On February 29, 2008, State Farm made a settlement offer to Plaintiffs, which they accepted on March 10, 2008.

In the course of preparing the settlement documents, State Farm discovered that Plaintiffs had received money from the Road Home Program. Thus, on March 31, 2008, State Farm sent a letter to Plaintiffs instructing them to complete certain documents which were attached to the letter

and forward those documents to Road Home for approval. State Farm went so far as to include the name of the individual to which the forms needed to be sent, his address, telephone number, and email address. (Exhibit A to Rec. Doc. 17).

In early 2009, State Farm followed-up with Plaintiffs to see if their settlement had been approved. Plaintiffs then informed State Farm's counsel that they had lost the forms. On March 26, 2009, State Farm sent Plaintiffs a second copy of the Road Home forms. (Exhibit B to Rec. Doc. 17). Upon further inaction, State Farm filed a Motion to Enforce Settlement, which was granted by the undersigned on April 6, 2010. (Rec. Doc. 16). On July 2, 2010, after Plaintiffs still had failed to comply and take the actions necessary such that their settlement proceeds could be paid to them, this Court issued an Order (Rec. Doc. 18) granting Plaintiffs an additional two weeks from the date they received the Order to oppose the Motion before an Order dismissing their case would be entered.

After learning that Road Home had received the necessary documents from Plaintiffs and were in the process of reviewing the settlement, State Farm requested the Court to extend Plaintiffs' deadline to July 26, 2010. (Rec. Doc. 20). The Court granted this request. (Rec. Doc. 21).

Recently, on November 3, 2010, this Court allowed State Farm to file a Supplemental Memorandum (Rec. Doc. 26), wherein it is explained that, on September 5, 2010, Road Home sent a "Road Home Consent" letter to Plaintiffs and counsel for State Farm stating that the settlement had been approved. The letter requested that Plaintiffs sign the "Recipient Acknowledgment", which would allow State Farm to issue the check directly to Road Home.

State Farm's supplemental memorandum explains that as of October 7, 2010, Road Home still had not received the signed "Recipient Acknowledgment" form from Plaintiffs. Without the

signed form, State Farm complains that it cannot finalize the settlement. State Farm contends that Plaintiffs have continually delayed the finalizing of the settlement for over two and a half years, causing State Farm to incur unnecessary expenses. Thus, State Farm requests that this Court grant its Motion for Contempt and Sanctions and dismiss Plaintiffs' case with prejudice. Plaintiffs filed no response to this supplemental memorandum.

Considering the foregoing, **IT IS ORDERED** that **State Farm's Motion for Contempt and Sanctions (Rec. Doc. 17)** is **GRANTED IN PART AND DENIED IN PART.** The motion is granted to the extent that Plaintiffs have until **Friday, November 26, 2010** to sign the "Recipient Acknowledgment" form and return it to Road Home[1], such that State Farm may issue the settlement check to Road Home and finalize this settlement. If Plaintiffs do not meet this deadline, they shall pay to Road Home the amount of $100 per day for every day they are delinquent. (This shall include weekends and holidays and shall be in addition to the settlement amount that Road Home is owed).

**IT IS FURTHER ORDERED** that this Order shall be sent by the Clerk to Plaintiffs by Certified Mail, Return Receipt Requested.[2]

New Orleans, Louisiana, this 16th day of November 2010.

_____
KURT D. ENGELHARDT
United States District Judge

---

[1]  The form **MUST BE RECEIVED** in the designated Road Home office on or before **Friday, November 26, 2010.**

[2]  To eliminate any concerns about this Order not being received timely by Plaintiffs, the Court suggests that counsel for State Farm have this Order served personally on Plaintiffs.